## George Stiles *against* Daniel Richardson.

Where a master, in order to procure the possession of a runaway slave, manumits him in consideration of his agreeing to serve him for four years, he shall be bound thereby, and shall not avail himself of the pretext, that the manumission was a sham.

CASE.—The facts appeared in evidence, as follow :

Robert Ward held two negroes in Maryland, as slaves for life, under a devise from their former master, to the wife of Ward. They ran away from him, and came into New Jersey. He followed *them into that state, and there executed a bill of *83] sale of them to Samuel Pennington. On the 3d May 1797, Pennington executed a deed of manumission to them both, in consideration. of their engaging to serve him for four years ; and Ward declared in their presence, that he had no further claim to them, and they should go home with him. The defendant claiming under Ward, on the 21st May 1798, sold one of the negroes, named Isaac, to the plaintiff, as a slave for life, in consideration of 75l. When the period of his four years services was expired, Isaac was liberated, and the plaintiff brought an action for money had and received ; and cited 2 Burr. 1008, 9, 10, 12. 1 Term Rep. 732. Palm. 364.

The defendant contended, that the deed of manumission was *pia fraus*, and intended by Ward and Pennington, to obtain the possession of the negroes, in a place where runaway slaves were harboured against the provisions of the 2d section of the 4th article of the constitution of the United States ; and that when the bill of sale was made by Ward to Pennington, they both expressed their object to be the procuring of the negroes from their lurking places. His counsel cited 1 Pow. Contra. 370–1, that the intent of a contract is to be taken into consideration, and the formal words cannot be carried beyond the meaning of the contracting parties.

*Sed per Cur.* An honest debt may be lost by a trick to come at it ; as by adding a seal to a note, one lost his security. 2 Vern. 162. The master was under no necessity of resorting to this fraud. It is clear from the evidence, that the laws of New Jersey, were open for obtaining the possession of the negroes. The consideration of the manumission, was the agreement of the negroes, to serve for four years ; and Ward openly declared, that he had no further claim to them. The defendant cannot avail himself of the fraudulent pretext, that the bill of sale to Pennington, and his consequent manumission were mere shams. The trick is too gross to receive the sanction of a court of justice. Credit must be given for the time that negro Isaac con

[Mitchell, Plaintiff in error, *v.* Smith.]

tinued in the plaintiff's service, and he is entitled to a verdict for the residue of the consideration money and interest.

Verdict *pro quer.* for $275.50 damages.

Messrs. Condy and Franklin, *pro quer.*
Mr. S. Levy, *pro def.*